IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRICE BUILDING COMPANY, INC.,
  Plaintiff,

v.          Case No.  3:07cv196/EMT

CLARENDON AMERICAN INSURANCE
COMPANY, INC.,
  Defendant.
_____/

## ORDER

  This cause is before the court upon Defendant's "Motion for Joinder to Name Amerisure as a Real Party and to Join Amerisure" (Doc. 97) and Memorandum of Law (Doc. 98), Plaintiff's response in opposition to Defendant's motion (Doc. 106), and Defendant's reply to Plaintiff's response (Doc. 109).  As explained below, Defendant's motion is denied.

I.  BACKGROUND

  The facts relevant to the instant matter can be summarized as follows.  Plaintiff Brice Building Company, Inc. (Brice) is an Alabama corporation and was the general contractor for a construction project known as the Preserve Place at Grayton Beach, Florida (Preserve Place).  On or about September 7, 2004, Brice entered into a subcontract with B & C Fire Safety, Inc. (B & C), whereby B & C was to install a sprinkler system at Preserve Place.  Pursuant to the terms of the subcontract, B & C was required to maintain insurance that would insure Brice for personal injury or death claims arising from operations performed under the subcontract (*see* Doc. 37, Ex. A).  Additionally, the subcontract required that B & C name Brice as an additional insured under the policy (*id.*).

  B & C had previously obtained an insurance policy (the policy), which was issued by

Defendant Clarendon America Insurance Company, Inc. (Clarendon).[1]  The policy was in effect from May 2, 2004, through May 2, 2005 (*see id.*, Ex. B).  As contemplated by the terms of the subcontract between B & C and Brice, Brice appears to have been added as an additional insured under the policy issued by Clarendon.[2]

On December 16, 2004, and at the behest of B & C, a delivery truck owned by Guntersville Fabrication and Sprinkler Company, Inc. (Guntersville) was delivering supplies to the Preserve Place construction site.  Ricky L. Waters was the driver of the delivery truck (*see, e.g.*, Doc. 77, Ex. F).  Mr. Waters parked the delivery truck in the roadway of Walton County Road 30-A where materials were offloaded from the truck (*id.*).  Near the end of the offloading process, Joseph R. Eddy was killed when the vehicle he was driving rear-ended the Guntersville delivery truck.

On December 17, 2004, Brice requested that Clarendon defend and indemnify it, as an additional insured under the policy, "for all claims arising from the traffic accident" (Doc. 75, Ex. E).  On January 20, 2005, Clarendon denied Brice's claim for coverage under the policy (*id.*, Ex. H).[3]  Next, Jacqueline M. Parks, as personal representative of Mr. Eddy's estate, filed a wrongful death lawsuit in the Circuit Court in and for Walton County Florida.  Named as Defendants in the complaint were:  Ricky L. Waters, the driver of Guntersville's truck, Guntersville, Brice, and B & C.  The wrongful death action proceeded to trial, and on June 30, 2007, a jury found that each Defendant was negligent and that the negligence was a legal cause of Mr. Eddy's death.  The jury was asked to determine "the percentage of any negligence which was a legal cause of [Mr. Eddy's] death" (*see* Doc. 75, Ex. L).  In response, the jury apportioned negligence as follows:  Ricky L. Waters and Guntersville (20%), Brice (40%), B & C (20%), and Mr. Eddy (20%) (*id.*).

On May 11, 2007, Brice filed the instant lawsuit (*see* Doc. 1).  In Count I, Brice seeks

---

[1]Although Brice has named Clarendon American Insurance Company, Inc., d/b/a/ First Mercury Insurance Company, as the lone Defendant, Clarendon states that its correct legal name is "Clarendon America Insurance Company, and further, that it does not do business as First Mercury Insurance Company (Doc. 94 at 1).

[2]On or about November 15, 2004, a "Certificate of Liability Insurance" was issued, stating that Brice was named as an additional insured under the policy (*see* Doc. 37, Ex. C).

[3]Brice made subsequent requests for defense and indemnity, which were similarly denied by Clarendon (*see* Doc. 75, Exs. I–K).

declaratory relief regarding its rights as an additional insured under the policy, including a declaration that Brice is indeed an additional insured, that Clarendon is required to provide indemnity, that Clarendon is/was obligated to defend Brice in the Walton County lawsuit, that Brice has complied with the terms and conditions of the policy, and further, Brice seeks a judgment against Clarendon resulting from a breach of contract, including attorney's fees, costs of defense, and interest (*see* Doc. 37 (amended complaint)).  In Count II, Brice alleges breach of contract and seeks the same declaratory relief as in Count I, but additionally seeks a declaration that Clarendon breached its duty to defend and indemnify Brice (*id.*).

II.     DISCUSSION

In the instant motion, Clarendon seeks entry of an order joining Amerisure Mutual Insurance Company (Amerisure) and naming Amerisure as the real party in interest (RPI) (Doc. 97 at 1). Clarendon asserts that Brice was insured by Amerisure regarding the Preserve Place construction project, Brice was fully reimbursed by Amerisure for the amount of damages for which it was found liable in the wrongful death action, and Brice has admitted that they have no damages (Doc. 98 at 2).  Thus, Clarendon argues that Amerisure is indeed the RPI in this action, and Clarendon will be prejudiced if Amerisure is not joined (Doc. 97 at 2).  Specifically, Clarendon asserts that it faces an additional lawsuit by Amerisure if Amerisure is not joined in this action, and further, that Clarendon "is subject to substantial risk of incurring inconsistent obligations if Amerisure is not joined" (Doc. 97 at 2; Doc. 98 at 2).  In support of its motion, Clarendon largely relies on Rules 17 and 19 of the Federal Rules of Civil Procedure (*see* Docs. 97, 98).

In opposing joinder of Amerisure, Brice first alleges that Clarendon's motion is untimely, asserting that a Fed. R. Civ. P. 17(a) defense is waived if a motion is not made with reasonable promptness (Doc. 106 at 1).  Brice additionally contends that Amerisure is <u>not</u> the RPI because Brice has entered into a contract with Amerisure whereby Brice is obligated to reimburse Amerisure for payments made by Amerisure, and Amerisure's subrogation rights against Clarendon are no greater than Brice's rights against Clarendon (*id.* at 1, 4).  Accordingly, Brice asserts it is properly the named Plaintiff in this action, pursuant to the exemption found in Fed. R. Civ. P. 17(a)(1)(F), because it is a "party with whom or in whose name a contract has been made for another's benefit" (*id.* at 4–5).

The Federal Rules of Civil Procedure require that an action must be prosecuted in the name of the RPI; however, the following may sue in their own names without joining the person for whose benefit the action is brought:  (A) an executor; (B) an administrator; (C) a guardian; (D) a bailee; (E) a trustee of an express trust; (F) a party with whom or in whose name a contract has been made for another's benefit; and (G) a party authorized by statute.  Fed. R. Civ. P. 17(a)(1).

Additionally, the Federal Rules provide that certain parties must be joined.  Federal Rule of Civil Procedure 19(1)(1) provides in pertinent part:

(a) Persons Required to be Joined if Feasible
   (1)   Required Party: A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
      (A) in that person's absence, the court cannot accord complete relief among existing parties; or
      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i) as a practical matter impair or impede the person's ability to protect the interest; or
            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Although the Federal Rules of Civil Procedure do not contain a specific procedure for raising an objection that the named plaintiff is not the RPI, and they do not indicate when a challenge should be made, courts have found that a Rule 17(a) defense is waived if the motion is not made with reasonable promptness.  *See, e.g.*, First Union Discount  Union Brokerage Serv's., Inc v. Milos, 744 F. Supp. 1145, 1152 (S.D. Fla. 1990).  In First Union the court held that "if the [defendant] had any genuine question whether [plaintiff] was the real party in interest entitled to bring this action, it was their obligation to raise such question promptly . . . .  In failing to do so, they are now precluded from raising this issue in opposition to [plaintiff's] Motion for Summary Judgment."  *Id.*[4] (citing

---

[4]The Eleventh Circuit did not rule on the timeliness issue on appeal but in dicta stated:

We note, however, that some of our sister circuits have held that defendants may waive real party in interest defenses by failing to raise the defense in a timely fashion.  *See, e.g.*, Gogolin & Stelter v. Karn's Auto Imports, Inc., 886 F.2d 100, 103 (5th Cir. 1989) (defense waived when raised for first time in motion for directed verdict), *cert. denied*, 494 U.S. 1031, 110 S. Ct. 1480, 108 L. Ed.2d 617

Fed. R. Civ. P. 17(a); McLouth Steel Corp. v. Mesta Mach. Co., 116 F. Supp. 689, 691 (E.D. Pa. 1953), aff'd, 214 F.2d 608 (3d Cir. 1954) (noting that Rule 17(a) is for the benefit of the defendant, and the right to have the RPI on the record as plaintiff is a right which might be waived by the defendant)); *see also* Chicago & Northwestern Transp. Co. v. Negus-Sweenie, 549 F.2d 47, 50 (8th Cir. 1977) (a real party in interest objection should be raised with "reasonable promptness" in the trial court proceedings) (citing 6 C. WRIGHT & A. MILLER, Federal Practice and Procedure, § 1554 (1971)); Audio-Visual Marketing Corp. v. Omni Corp., 545 F.2d 715, 719 (10th Cir. 1976) (objection based on failure to have action prosecuted by RPI may be deemed waived if not raised in a timely fashion); Yorkshire Insurance Co. v. United States, 171 F.2d 374, 376 (3d Cir. 1948), *aff'd on other grounds sub nom.*, (same). Furthermore, in United States v. Aetna Surety Co., 338 U.S. 366, 70 S. Ct. 207, 216, 94 L. Ed. 171 (1949), the Supreme Court said that the defendant (the United States) could compel the joinder of the property owner and an insurance company which had paid part of the loss "upon timely motion." *See also* Rogers v. Samedan Oil Corp., 308 F.3d 477, 483 (5th Cir. 2002) (motion to join untimely since it was first mentioned the day before the trial was to commence); Int'l Meat Traders, Inc. v. H & M Food Systems, 70 F.3d 836, 840 (5th Cir. 1995) (motion to join untimely because the issue was raised at the conclusion of the trial). Although the Eleventh Circuit does not appear to have precisely addressed this issue,[5] the undersigned finds persuasive the reasoning of the other circuits that have (*see* n.4, *supra*), as well as that of the First Union court, and accordingly, concludes that the defense is waived if it is not promptly raised.

In considering whether Clarendon's motion for joinder was timely filed, the procedural

---

(1990); Hefley v. Jones, 687 F.2d 1383, 1388 (10th Cir. 1982) (defense waived when raised for first time 16 days before trial); Chicago & Northwestern Transp. Co. v. Negus-Sweenie, Inc., 549 F.2d 47, 50 (8th Cir. 1977) (defense waived when raised for first time on appeal); *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice and Procedure § 1554 (1990 & Supp. 1992) (real party in interest defense should be raised "with reasonable promptness . . . . [o]therwise, the court may conclude that the point has been waived by the delay").

First Union Discount Brokerage Services, Inc. v. Milos, 997 F.2d 835, 842 n.12 (11th Cir. 1993).

[5]In Steger v. Gen'l. Elec. Co., 318 F.3d 1066, 1080 (11th Cir. 2003), in the context of deciding whether the district court erred in denying a motion to amend a complaint, the Eleventh Circuit cited with approval Audio-Visual Mktg. Corp., 545 F.2d at 715 and Fox v. McGrath, 152 F.2d 616, 618 (2nd Cir. 1945) for the proposition that a RPI defense may be waived by a defendant.

history of the instant lawsuit is relevant and is summarized as follows. On July 18, 2007, Brice filed its Rule 26(a)(1)(B) disclosures, which listed documents relevant to the disputed facts in this case, including "[v]arious correspondences between Amerisure Insurance to B & C Fire Safety, Inc." (Doc. 8 at 2–3). Further, Brice's disclosures noted that, "[t]o the extent . . . the above stated [correspondences] are in possession of Brice, copies can, upon reasonable advance notice, now be obtained or will soon be made available . . ." (*id.* at 3). Thus, Clarendon was aware of Amerisure's relevance to this case as early as mid-July 2007. Next, on August 23, 2007, pursuant to the Joint Report of the Parties and the court's scheduling order, October 1, 2007 was set as the deadline for joining other parties (Docs. 15, 16). On September 25, 2007, after the parties consented to magistrate judge jurisdiction, the undersigned issued an order setting trial, and specifically stated that the scheduling order issued on August 23, 2007 (Doc. 16) "remains in full force and effect," with the exception of the jury trial date (Doc. 21 at 1). Thus, October 1, 2007 remained as the last day to join other parties, and that date has never changed (*see, e.g.,* Doc. 42).

After seeking leave of court, and without objection by Clarendon, Brice filed an amended complaint on October 24, 2007, which added the breach of contract claim (*see* Docs. 22, 29, 33, 37). Moreover, on November 15, 2007, the discovery deadline was extended to March 3, 2008, and other disclosure deadlines were extended (*see* Doc. 42), but again, the date for adding parties remained unchanged (and indeed had now passed by a month and a half) (*see id.*).

On January 16, 2008, Brice served its Responses to Clarendon's Request for Admissions and admitted that it had been indemnified for "some or all" of the damages and legal fees in the underlying state case, and that it "had an insurance policy in effect that provided coverage for the damages awarded and attorney fees incurred in the underlying lawsuit" (Doc. 106, Ex. A). Additionally, on January 30, 2008, Kyle Summer, Amerisure's representative, testified at a deposition in this case that Amerisure paid in full the judgment for damages against Brice, and Amerisure paid all of Brice's defense costs in the underlying state case (*id.,* Ex. B at 30–31). Similarly, on February 25, 2008, Michael Waller, Brice's representative, testified at his deposition that Amerisure paid in full the judgment for damages against Brice, as well as Brice's defense costs, in the underlying state case (*id.*, Ex. C at 14–15).

On March 5, 2008, Clarendon filed a motion to continue the trial, asserting among other

arguments, that it needed additional time to cite Amerisure as an indispensable party and that it had learned on February 25, 2008 of the need to cite Amerisure (Doc. 65). The undersigned granted Clarendon's motion for continuance based on the other arguments and specifically stated that it was taking no position on whether Clarendon should be permitted to cite Amerisure as an indispensable party because that issue was not before the court (Doc. 81 & n.4). On March 17, 2008, Brice filed a Motion for Partial Summary Judgment and Clarendon filed a Motion for Final Summary Judgment (Docs. 75, 77). Responses in opposition to the summary judgment motions were filed by the parties on May 29, 2008 (Docs. 91, 93). Finally, Clarendon filed the instant motion to join Amerisure as the RPI on June 26, 2008 (Docs. 97, 98).

Clarendon asserts that its motion to join Amerisure was timely filed because, as of the deadline for adding parties, October 1, 2007, Clarendon was not aware that Brice had suffered no damages as a result of the wrongful death lawsuit (*id.*). Additionally, Clarendon argues that it filed a motion to continue on March 5, 2008, "nine days after fully investigating the issue that Brice had not suffered any damages as a result of the underlying suit," that nine days is a reasonable amount of time to raise the issue with the court, and that it indicated in the motion to continue that it needed additional time in order to cite Amerisure as an indispensable party (*id.*). Clarendon claims this statement in its motion to continue gave the court sufficient notice of its intent to add Amerisure. Further, Clarendon claims it raised the issue of joining Amerisure in good faith and within a reasonable amount of time so that neither party would be prejudiced since no trial date has been set in this matter.[6] In other words, Clarendon argues that because the trial in this case has been cancelled indefinitely, Clarendon's motion was made with reasonable promptness in advance of an unknown trial date, and therefore, neither party can be prejudiced by Amerisure's joinder (*id.* at 5).

III.    CONCLUSION

After careful consideration of the arguments of the parties, the court concludes that Clarendon's motion should be denied because it was not timely filed. First, Clarendon filed its

---

[6]The undersigned originally scheduled this case for a jury trial and then continued it on one occasion (*see* Doc. 21 (setting trial for April 7, 2008), Doc. 81 (trial continued to August 4, 2008)). On July 3, 2008, however, the trial was cancelled "indefinitely" pending resolution of the summary judgment matters and joinder issue (Doc. 103).

motion nearly nine (9) months after the deadline for adding parties had passed.  Although Clarendon did not learn that Amerisure was potentially the RPI until February 2008, and the deadline for adding parties had already passed, Clarendon still waited four months to file the instant motion. Clarendon offers no explanation for this four-month delay.  Had the motion been filed upon learning of Amerisure's relevance to this case, Clarendon's position would certainly be much stronger, and even though the deadline for adding parties had passed, the court would have recognized that Clarendon promptly brought the matter to the court's attention.  Clarendon contends, however, that the matter <u>was</u> promptly brought before the court, that is, within nine days of learning of Amerisure's relevance to this action.  Clarendon's argument is not well-taken.

In its motion to continue, filed March 5, 2008, Clarendon requested additional time to depose additional fact witnesses and to cite Amerisure as an indispensable party (Doc. 65 at 2).  The court granted Clarendon's motion to the extent that the trial was continued and discovery deadlines were extended to allow Clarendon time to depose the additional fact witnesses.  In its order granting the continuance, however, the court specifically stated, "The precise issue of whether Clarendon should be permitted to cite Amerisure as an indispensable party is not before the court at this time; thus, the court takes no position on the matter" (Doc. 81 at 3 n.4).  Clarendon again filed no motion to join Amerisure.  It was only after lengthy summary judgment motions were filed by both parties, as well as responses thereto by both parties, that Clarendon finally filed the instant motion.

To the extent Clarendon contends that neither party would be prejudiced by Amerisure's joinder at this late stage, the court cannot agree.  First and most important, a joinder now would necessarily result in delaying the resolution of this case.  Additionally, among other things, joinder would entail further discovery, costs, and attorneys' fees, as well as the likelihood that different or supplemental dispositive motions would need to be filed by the parties.  Here, Clarendon's motion to join Amerisure was filed four months after Brice filed its motion for partial summary judgment and one month after Brice filed its response in opposition to Clarendon's motion for summary judgment.  Inexplicably, Clarendon filed its motion for final summary judgment <u>prior to</u> properly raising this matter with the court.  Indeed, the court could very well have ruled on the summary judgment motions between May 29, 2008, the date the parties' summary judgment responses were filed, and June 26, 2008, the date Clarendon filed the instant motion.  Lastly, the court is not

persuaded by Clarendon's argument that its joinder motion is timely because no trial date is presently set. It was not until July 3, 2008, after Clarendon's motion to join Amerisure had been filed, that the court cancelled the trial indefinitely, in part, to resolve the matters raised in Clarendon's joinder motion.

Thus, the court concludes that Clarendon has waived its Rule 17(a) defense because its motion was not made with reasonable promptness. *See* <u>First Union</u>, 744 F. Supp. 1145, 1152 (S.D. Fla. 1990) (RPI issue may not be raised in summary judgment motion when party failed to promptly raise the issue)[7]; *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, <u>Federal Practice and Procedure</u> § 1554 (1990 & Supp. 1992) (RPI defense should be raised "with reasonable promptness . . . . [o]therwise, the court may conclude that the point has been waived by the delay"). In light of this conclusion, the court need not address Brice's alternative contention (i.e., that Brice is the proper Plaintiff pursuant to Fed. R. Civ. P. 17(a)(1)(F)).

Accordingly, it is **ORDERED**:

Defendant's Motion to Name Amerisure as a Real Party and to Join Amerisure (Doc. 97) is **DENIED**.

**DONE AND ORDERED** this 6th day of October 2008.


 /s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]As noted *supra*, Clarendon did not raise the issue in its Motion for Final Summary Judgment — thus, the issue here has been raised at an even later juncture than was the case in <u>First Union</u>.