UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRICE BUILDING COMPANY, INC.,

      Plaintiff,

vs.                                      CASE NO: 3:07cv196-RS/EMT

CLARENDON AMERICAN INSURANCE
COMPANY, INC., d/b/a FIRST MERCURY
INSURANCE COMPANY,

      Defendant.
_____/

**MOTION FOR DECLARATORY JUDGMENT AND MEMORANDUM OF LAW
IN SUPPORT OF FINAL JUDGMENT BY BRICE BUILDING COMPANY, INC.**

Plaintiff BRICE BUILDING COMPANY, INC. ("BRICE"), pursuant to this Courts Order (Doc. 141), files this Motion for Declaratory Judgment and Memorandum of Law in Support of Final Judgment against Defendant CLARENDON AMERICAN INSURANCE COMPANY, INC. ("CLARENDON").

**INTRODUCTION**

The lawsuit arises out of a fatal automobile accident occurring in Walton County, Florida between 7:30 and 8:00 a.m. (CT), Thursday, December 16, 2004. On that date and time, Joseph R. Eddy was traveling east on County Road 30A, a two lane highway, when he collided with the rear of a tractor trailer rig parked on the highway. Jacqueline Parks was appointed personal representative of the estate of her deceased son, Joseph R. Eddy, who was twenty-four at the time of his death. Parks subsequently filed a wrongful death action in the Circuit Court of Walton County, Florida on behalf of her son's estate,

herself as Eddy's mother, and Eddy's father, Richard Howard Eddy.

The action was against the rig driver Ricky L. Waters (Waters), Guntersville Fabrication and Sprinkler Co., Inc. (Guntersville), B&C Fire Safety, Inc. (B&C) and BRICE. The case was tried the last week of June of 2007.

The jury returned its verdict June 30, 2007. BRICE was found 40% liable, Guntersville (including the sprinkler pipe truck driver) was found 20%, Brice's subcontractor B&C was found 20%, and Joseph Eddy, the 24 year old young man killed, 20%. The verdict was for $2,250,000.00, making BRICE'S share $900,000.00. The judgment against BRICE was subsequently satisfied, along with BRICE'S $14,891.51 share of the taxable costs awarded to the Plaintiff. Recovery is now sought as discussed below for payment of the verdict rendered against Brice and defense costs incurred.

A declaratory judgment action was filed against B&C's insurer, CLARENDON, on May 11, 2007 based upon CLARENDON'S denial of BRICE'S tender of defense and indemnity as an additional insured under the B&C liability policy. On October 6, 2008 the court issued its Order granting BRICE'S Motion for Partial Summary Judgment finding that BRICE is covered under the "Blanket Additional Insured Endorsement" of the CLARENDON policy issued to B&C and that BRICE is owed indemnity and defense costs by CLARENDON under the terms and conditions of the CLARENDON policy. (*See* Doc. 113). In lieu of a final hearing, BRICE and CLARENDON requested authorization to submit briefs on the issues of defense costs, attorneys' fees, indemnity, and prejudgment interest, which the Court permitted. (*See* Doc. 141).

## SUMMARY

BRICE and CLARENDON have stipulated that the below amounts are the most the Court can award to BRICE under the declaratory judgment action.

| | |
|---|---|
| $543,187.12 | Remainder under the indemnity limits of the Clarendon policy |
| $149,826.44 | Cost of defense for underlying state case |
| $ 14,891.51 | Taxable costs |
| $     542.88 | Interest paid on underlying judgment. |
| $ 68,344.24 | Prejudgment interest for indemnity, 119.07 per diem |
| $  1,873.56 | Prejudgment interest on taxable costs, $3.26 per diem |
| $ 25,339.82 | Prejudgment interest for cost of defense, $32.84 per diem |

**$804,073.97   Total the Court should award BRICE in its Final Judgment.**
(plus $155.17 per diem interest January 30, 2009 forward)

The prejudgment interest calculations for indemnity and taxable costs are based on the Court finding that the interest began accruing on July 5, 2007 and calculated through January 29, 2009. The prejudgment interest calculations for cost of defense are based on the Court finding that the interest began accruing on the date of each invoice and calculated through January 29, 2009 as set forth more fully below and **Exhibit A**. BRICE and CLARENDON have stipulated the per diem rates will be used to calculate additional interest from January 30, 2009 forward and also if the Court finds that the interest began to accrue at a different date than set forth below.

### MEMORANDUM

**1. Indemnity**

The Clarendon policy has a $1,000,000 limit of liability per occurrence.  (*See* Doc. 37, Ex. B, Declarations Page and Amendment of Limits of Insurance (CVX-GL-OC-F1-0254)).  CLARENDON has paid the following:

| | |
|---|---|
| $450,000.00 | Judgment against B&C |
| $   6,812.88 | 20% Share of Funeral and Medical Bills |

- 3 -

  $ 14,891.51 1/3 Share of taxable costs (supplemental payments)
  $   2,033.12 Interest from 07-12-2007 – 07-25-2007 (supplemental payments)

  Based on the terms and conditions of the CLARENDON policy Item 3 taxable costs and Item 4 interest are "Supplementary Payments" and do not reduce the limits of insurance. (*See* Doc. 37, Ex. B, Pages 5-6 of 13). By Subtracting $450,000.00 and $6,812.88 from the $1,000,000.00 limit results in $543,187.12. BRICE and CLARENDON have stipulated, absent BRICE bringing a claim against CLARENDON for bad faith, there remains $543,187.12 available under the indemnity limits of the CLARENDON policy.

  The following payments were made to Mrs. Parks to satisfy the judgment against BRICE.

  $900,000.00 Judgment against Brice
  $  13,625.75 40% Share of Funeral and Medical Bills

  $913,625.75 Total amount of indemnity

This total amount of indemnity owed exceeds the remaining $543,187.12 available under the indemnity limits of the CLARENDON policy and this Court should award BRICE the remaining limits of **$543,187.12** for indemnity.

**2. Cost of Defense**

  BRICE and CLARENDON have stipulated that the following defense costs were incurred in defending BRICE in the underlying state action and that the hours and rates are reasonable:

  $ 94,098.00 Attorneys Fees
  $ 29,723.50 Paralegal Fees
  $ 26,000.69 Costs

$149,822.19    Total Fees and Costs defending BRICE

Based on the terms and conditions of the CLARENDON policy the cost of defense is "Supplementary Payments" and does not reduce the limits of insurance.  (*See* Doc. 37, Ex. B, Pages 5-6 of 13).  This Court should award BRICE **$149,822.19** cost of defense.

**3. Taxable Costs**

BRICE and CLARENDON have stipulated that $14,891.51 in taxable costs were paid to Mrs. Parks to satisfy the judgment against BRICE.  Based on the terms and conditions of the CLARENDON policy taxable costs are "Supplementary Payments" and do not reduce the limits of insurance.  (*See* Doc. 37, Ex. B, Pages 5-6 of 13).  This Court should award BRICE **$14,891.51** for taxable costs.

**4. Interest Paid on Underlying Judgment**

BRICE and CLARENDON have stipulated that $542.88 in interest was paid to Mrs. Parks on the underlying judgment against BRICE.  Based on the terms and conditions of the CLARENDON policy the interest paid on the underling judgment is "Supplementary Payments" and does not reduce the limits of insurance.  (*See* Doc. 37, Ex. B, Pages 5-6 of 13).  This Court should award BRICE **$542.88** for interest paid on the underlying judgment.

**5. Prejudgment Interest**

Brice is entitled to prejudgment interest beginning from the time when the proceeds became due under the Clarendon Policy.  *See* <u>Owners Ins. Co. v. The Hartford Fire Ins. Co.</u>, 884 So. 2d 382 (Fla. 2nd DCA 2004)(General contractor's builder's risk insurer brought action against subcontractor's commercial general liability insurer to

recover reimbursement based on general contractor's status as additional insured and court held that prejudgment interest on liability of subcontractor's insurer began when the proceeds would have been due, not when the general contractor's insurer paid the general contractor). *See also* Biscayne Supermarket, Inc. v. Travelers Ins. Co., 485 So. 2d 861 (Fla. 3d DCA 1986)(in an insurance coverage action, the insureds "are entitled to prejudgment interest from the date that the proceeds would have been due under the policy").

The CLARENDON policy does not establish the rate of interest so the interest rate shall accrue at a rate provided for in section 55.03, Florida Statues. *See* Fla Stat. § 687.01. Section 55.03, Florida Statues, provides that the state Chief Financial Officer shall calculate and publish the applicable rate which takes effect January 1 of each calendar year. *See* Fla. Stat. § 55.03(1). The interest rate established at the time of the judgment shall remain the same until the judgment is paid. *See* Fla. Stat. § 55.03(1). The year 2009 interest rate established has been set at 8.0% per annum or 0.0002192 per day.

**a. Prejudgment Interest on Indemnity and Taxable Costs Amount.**

The final judgment in the underlying state case against BRICE is dated July 5, 2007. This date is when the $543,187.12 indemnity proceeds and $14,891.51 taxable costs became due under the CLARENDON policy. As of January 29, 2009, it has been 574 days and the interest due on the $543,187.12 indemnity is $68,344.24 and increasing at a rate of $119.02 a day. The interest due on the $14,891.51 is $1,873.66 and increasing at a rate of $3.26 a day. This Court should award BRICE **$68,344.24** in prejudgment interest on the indemnity amount and additional interest of $119.02 per day

from January 30, 2009 forward and **$14,891.51** in prejudgment interest on the taxable costs amount and additional interest of $3.26 per day from January 30, 2009 forward.

### b. Prejudgment Interest on Cost of Defense.

BRICE is entitled to prejudgment interest beginning from the time when the proceeds became due under the CLARENDON Policy. The fees and costs became due at the time the invoices were generated. BRICE and CLARENDON have stipulated that the total prejudgment interest beginning at the time of each invoice through January 29, 2009 is $25,339.82 and increasing at a rate of $32.84 at day. *See* **Exhibit A**. This Court should award BRICE **$25,339.82** in prejudgment interest on the cost of defense amount and additional interest of $32.84 per day from January 30, 2009 forward.

### CONCLUSION

This Court should enter Final Judgment in favor of BRICE and award BRICE **$804,073.97** plus **$155.17** per diem interest from January 30, 2009 forward.

Respectfully submitted,

/s/ R. Scott Traweek
R. SCOTT TRAWEEK, Florida Bar No.: 0057096
K. SCOTT WARRICK, Florida Bar No.: 0042839
Galloway, Johnson, Tompkins, Burr & Smith
118 E. Garden Street
Pensacola, Florida 32502
Telephone:    (850) 436-7000
Facsimile:    (850) 436-7099
*Attorneys for Plaintiff*
*Brice Building Company, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a copy of the above and foregoing upon all counsel of record via the court's electronic filing system.

So certified, this the **3rd** day of **February, 2009**.

/s/ R. Scott Traweek
R. SCOTT TRAWEEK
