IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRICE BUILDING COMPANY, INC.,
    Plaintiff,

v.                                    Case No. 3:07cv196/EMT

CLARENDON AMERICAN INSURANCE
COMPANY, INC.,
    Defendant.
_____/

**O R D E R**

This cause is before the court upon Plaintiff Brice Building Company, Inc.'s ("Brice") "Motion for Attorneys' Fees and Cost[s] Incurred in Bringing Declaratory Judgment Action . . . ." (Doc. 159).

Brice seeks the entry of an order establishing that Clarendon American Insurance Company, Inc. ("Clarendon") is liable to Brice for attorneys' fees and costs incurred in bringing the declaratory judgment action against (*id.*). *See also* N.D. Fla. Loc. R. 54.1 (describing bifurcated procedure for determining attorneys' fees, and stating that in the absence of a settlement the issue of liability will be determined first). Brice also states that as of April 15, 2009, the date Brice filed the instant motion, Clarendon had not responded to Brice's attempt(s) to confer regarding a resolution of the issues raised in Brice's motion (Doc. 159 at 2–3). The Local Rules provide, however, that "[n]o motion for attorneys' fees will be considered until the parties have conferred as required by N.D. Fla. Loc. R. 7.1(B) and have made good faith efforts to settle both liability for, and the amount of, attorneys' fees. A certificate of conference must accompany the motion filed under this rule." *See* N.D. Fla. Loc. R. 54.1(C) (emphasis added). Thus, although Brice has apparently attempted to confer with Clarendon, the undersigned will not consider Brice's motion until the parties have actually conferred.

Therefore, before the court rules on this matter, counsel for Clarendon shall be required to confer with counsel for Brice in a good-faith effort to resolve the issues raised in Brice's motion. Further, counsel for each party shall be required to <u>personally meet</u> or to <u>confer telephonically</u> (i.e., no faxes, e-mails, or voice-mail messages back and forth).[1]  Thereafter, Clarendon shall be required to file a response to Brice's motion, and the response shall include a certification that the parties have conferred as directed in this order.

Accordingly, it is **ORDERED**:

Clarendon shall file a response to Brice's motion on or before **Friday, April 24, 2009**, after conferring with Brice as outlined in the body of this order.

**DONE AND ORDERED** this 17th day of April 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Counsel are reminded of N.D. Fla. Loc. R. 54.1(C), which states that "settlement [is] encouraged" with regard to the matter of attorneys' fees, and that ultimately if the parties fail to reach an agreement, the court may enter an order referring the matter to a special master.  *See* N.D. Fla. Loc. R. 54.1(F).

Case No.: 3:07cv196/EMT